May Term,
1840.

HAINES
v.
GURLEY.

</div>

---

## HAINES and Others *v.* GURLEY.

A plea in abatement may not only be filed at any time before the day on which the cause is set for trial, but it may also be filed at any time on that day, whether the Court be in session or not, unless the cause shall have been called in its order and regularly disposed of.

It is not necessary that the affidavit, attached to a plea in abatement, should be entitled of the term at which it was filed.

ERROR to the *Wayne* Circuit Court.

SULLIVAN, J.—This was an action of debt. On the day to which the cause was set for trial, but not until after the adjournment of the Court, the defendant filed a plea in abatement to the form of the writ. On a subsequent day, the plaintiff moved to set aside the plea, because the affidavit attached to it was not entitled of the term of the Court at which it was filed, and because the plea was not filed until after the adjournment of the Court. The Court set aside the plea, and the defendant not pleading over, judgment was rendered against him.

The statute requires pleas in abatement to be filed on or before the *day* to which the cause is set for trial. They may be filed at any time before the day, whether the Court be in session or not, and so, we suppose, they may be filed at any time on the day set for the trial of the cause, unless it shall have been called in its order and regularly disposed

<div style="text-align:right">

*Wednesday,*
*May 27.*

</div>

May Term, 1840.

of. In *England*, where time is given to a defendant to plead *until* a certain day, the party has the whole of that day in which to file his plea. 3 Ch. Gen. Pr. 704. So, where a declaration has been delivered, and notice to plead within four days, the defendant has the whole time in which to plead. Tidd's Pr. 421, 2. And this indulgence extends to pleas in abatement; though in regard to such pleas, the days are reckoned inclusively. *Harbord* v. *Perigal*, 5 T. R. 210. We think by giving such a construction to our statute, that is, that a party has the whole day to plead without reference to the sessions of the Court, much inconvenience which might otherwise result to suitors, will be avoided.

The objection to the affidavit should not have been sustained. The manner of entitling an affidavit in *England* is a matter of practice, liable at any time to be changed by the Courts. The plea and affidavit in this case are in the form commonly used in the Courts of the state, and sufficiently accurate for all the purposes of justice.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the motion to set aside the plea set aside, with costs. Cause remanded, &c.

*C. B. Smith* and *S. W. Parker*, for the plaintiffs.
*J. S. Newman*, for the defendant.